## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| **CHRIS WILSON d/b/a MR. WILSON PLUMBING** | § § § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **UNION INSURANCE COMPANY, SUSAN COOPER, EAGLE ADJUSTING SERVICES, INC., AND CAM FANNIN INSURANCE AGENCY, INC.,** | § § § § | |

*Removed From*

### CAUSE NO. 2015-517,181

| | | |
|---|---|---|
| **CHRIS WILSON d/b/a MR. WILSON PLUMBING** | § § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | |
| | § | **LUBBOCK COUNTY, TEXAS** |
| **UNION INSURANCE COMPANY, SUSAN COOPER, EAGLE ADJUSTING SERVICES, INC., AND CAM FANNIN INSURANCE AGENCY, INC.,** | § § § § | **237TH DISTRICT COURT** |

### UNION INSURANCE COMPANY'S
### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Please take notice that Union Insurance Company, a defendant in the above-captioned action, hereby notes the removal of this civil action to the United States District Court for the Northern District of Texas, Lubbock Division, from the 237th District Court in Lubbock County, Texas, as provided by 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are more particularly stated as follows:

## I.   PROCEDURAL HISTORY

1.      On August 25, 2015, Chris Wilson d/b/a Mr. Wilson Plumbing filed his Original Petition in Lubbock County, Texas.[1]  In his Original Petition, Plaintiff named four defendants, Union Insurance Company ("Union"), Susan Cooper ("Cooper"), Eagle Adjusting Services, Inc., ("Eagle") and Cam Fannin Insurance Agency, Inc.  ("Cam Fannin").[2]

2.      Defendant Union was served with Plaintiff's Original Petition on August 31, 2015.

3.      Defendant Cooper has not yet been served with Plaintiff's Original Petition.

4.      Defendant Eagle was served with Plaintiff's Original Petition on or about September 2, 2015.

5.      Defendant Cam Fannin was served with Plaintiff's Original Petition on September 2, 2015.

## II.   TIMING

6.      This Notice of Removal is filed within thirty (30) days of receipt of the first service of the Original Petition on Union, and is therefore timely filed under 28 U.S.C. §1446(b).

## III.   DIVERSITY

7.      Plaintiff's Original Petition establishes that the United States District Court for the Northern District of Texas, Lubbock Division, has jurisdiction by reason of the diversity of citizenship of the parties.

---

[1] Pl. Original Pet.
[2] *Id.*

8.   Plaintiff is a Texas resident.   According to his Original Petition, he resides in Lubbock County, Texas.[3]   For purposes of removal, it must therefore be presumed that Plaintiff is now, and was at the time this action was commenced, a citizen of the Texas.

9.   Defendant Union is an insurance corporation organized under the law of the State of Iowa with its principal place of business in Iowa.   This has not changed since the time the action was commenced.

10.   Defendant Cooper is a citizen of the state of Arizona.[4]

11.   Defendant Eagle is a citizen of the state of Indiana.[5]

12.   Plaintiff fails to allege the citizenship of Defendant Cam Fannin.   However, Cam Fannin is a corporation organized under the laws of the State of Texas with its principle place of business in Texas.   Therefore, Cam Fannin is a citizen of the state of Texas.[6]   Although Cam Fannin is a citizen of the state of Texas, it has been improperly joined as a defendant in this case in an effort to defeat diversity of citizenship.

## A.   Fraudulent Misjoinder of Cam Fannin[7]

13.   Plaintiff alleges that Cam Fannin made misrepresentations regarding during the process of procuring insurance coverage for a building owned by Plaintiff.[8]   Based on these alleged misrepresentations, Plaintiff sues Cam Fannin for fraud and violation of the Texas Deceptive Trade Practices Act ("DTPA") in the procurement of the policy.[9]

---

[3] *Id.* at ¶2.
[4] *Id. at* ¶4.
[5] *Id. at* ¶4.
[6] *Id.*
[7] *See also* Brief in Support of Removal, being filed herewith and incorporated herein by reference.
[8] Pl. Original Pet. ¶¶14-15; 87.
[9] *Id.* at ¶83-87.

14.     In the same action, Plaintiff sues Defendants Union, Cooper, and Eagle because the insured building sustained damage as a result of a severe storm, and these defendants failed to explained coverage issues and failed to reasonably adjust and pay the claim.  Plaintiff alleges claims for breach of contract, violations of the Texas Insurance Code and the DTPA, breach of the duty of good faith and fair dealing ("bad faith"), and fraud against Union for its role in the claim handling process.[10]  He alleges claims for violations of the Texas Insurance Code and the DTPA and fraud against Eagle and Cooper for their role in the claim handling process.[11]

15.     In accordance with Rule 40 of the Texas Rules of Civil Procedure, defendants may be joined together in the same action only if (1) "there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) at least one "question of law or fact common to all of them will arise in the action."[12]  This Court describes Rule 40 as follows:

> Rule 40(a) thus establishes two requirements for joining claims against multiple defendants: (1) a "same transaction" requirement and (2) a "common question" requirement.  The "same transaction" requirement is governed by a logical relationship test that is borrowed from federal law.  The "common question" requirement is satisfied by the presence of a single common question of law or fact.[13]

"A party who fails to satisfy both requirements may not be joined as a defendant."[14]

---

[10] *Id.* at ¶¶*44*-61.

[11] *Id.* at ¶62-82.

[12] TEX. R. CIV. P. 40(a).

[13] *Henley v. Meyer*, No. 314-CV-1080-L, 2015 WL 224369, at *2 (N.D. Tex. Jan. 16, 2015) (internal citations omitted).

[14] *Pride Transp., Inc. v. Harbin*, No. 4:10-CV-458-Y, 2010 WL 4314920, at *1 (N.D. Tex. Oct. 26,

16.     In this case, the claims against Defendants Union, Cooper, and Eagle arise out of separate and distinct transactions or occurrences.   At least some facts must be relevant to both claims for the claims to arise out of the same transaction or occurrence.[15]   The claims against Defendant Cam Fannin arise out of its alleged wrongdoing during the procurement of the policy, while the claims against Defendants Union, Cooper, and Eagle arise out of those defendants' alleged mishandling of Plaintiff's property damage claim at some point thereafter.   There are no facts that are relevant to both sets of claims.   As such, the claims against Defendants Union, Cooper, and Eagle do not arise out of the same transaction or occurrence as the claims against Defendant Cam Fannin and Plaintiff's claims against Defendant Cam Fannin have been misjoined with those against Defendants Union, Cooper, and Eagle.

17.     Because the claims against Defendants Union, Cooper, and Eagle are wholly distict from, and lack no real connection to, the claims against Defendant Cam Fannin, the misjoinder of the claims is egregious.   Accordingly, Plaintiff's misjoinder of Cam Fannin was fraudulent and this Court should disregard Cam Fannin's residence for purposes of determining whether complete diversity of citizenship exists.[16]

18.     Since Plaintiff is a citizen of Texas, Union is a citizen of Iowa, Cooper is a citizen of Arizona, and Eagle is a citizen of Indiana, and because Cam Fannin has been improperly joined, diversity of citizenship exists among the parties.

---

2010).

[15] *Blalock Prescription Center, Inc. v. Lopez–Guerra*, 986 S.W.2d 658, 663–64 (Tex. App.—Corpus Christi 1998, no pet.).

[16] *Henley*, 2015 WL 224369, at *5.

## IV.   AMOUNT IN CONTROVERSY

19.     Plaintiff's Original Petition indicates that Plaintiff seeks monetary relief from $200,000, but not over $1,000,000.00.[17] Plaintiff seeks actual damages, attorney's fees, statutory interest and penalties, exemplary damages and costs of court.[18]

20.     Accordingly, it is "facially apparent" that Plaintiff's claims exceed $75,000.00, which is all that is required to satisfy the amount-in-controversy requirement.[19]

21.     Moreover, Plaintiff also seeks to recover treble damages because it asserts Union's violation of the Texas Insurance Code was committed knowingly.[20]

22.     Therefore, it is clear that the amount in controversy exceeds the minimal jurisdictional requirements of the Court as set forth in 28 U.S.C. §1332(a).

## V.   ORIGINAL JURISDICTION

23.     There exists diversity of jurisdiction between the Plaintiff and Union, Cooper, Eagle. Because Cam Fannin was clearly improperly joined and the amount in controversy exceeds the minimal jurisdictional requirements, this Court has original jurisdiction of this case, pursuant to 28 U.S.C. §1332.  This case may be removed to this Court pursuant to 28 U.S.C. §1441.

## VI.   NOTICE TO STATE COURT AND ADVERSE PARTY

24.     Contemporaneously herewith, Union is given notice of this removal to the 237th District Court in Lubbock County, Texas and Plaintiff.

## VII.   ATTACHMENTS

25.     As required by 28 U.S.C. §1446(a), all process, pleadings, and orders served upon

---

[17] Pl.'s Original Pet. at ¶100.
[18] *Id.*
[19] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[20] Pl.'s Original Pet. at ¶88.

Union in the state court action are attached to this notice as Exhibit 1.

## VIII.   CONSENT OF ALL PARTIES

26.     On information and belief, Defendant Cooper has not been served.  However, on information and belief Defendant Cooper would consent to removal.  Eagle, and Cam Fannin consent to removal.

## IX.   CONCLUSION

27.     For the foregoing reasons, Union Insurance Company requests that this Court place this case on the docket of the United States District Court of the Northern District of Texas, Lubbock Division.  Union Insurance Company further requests a full and fair opportunity to brief, respond, and argue against any Motion for Remand filed by Plaintiff.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

By:  /s/ Michael S. Beckelman _____
        Michael Beckelman
        State Bar No. 24042401
        michael.beckelman@wilsonelser.com
        909 Fannin Street, Suite 3300
        Houston, Texas 77010
        Ph. (713) 353-2000
        Fx. (713) 785-7780

        Lakeisha Forté Wells
        State Bar No. 24042237
        lakeisha.fortewells@wilsonelser.com
        Bank of America Plaza
        901 Main Street, Suite 4800
        Dallas, Texas 75202
        Ph. (214) 698-8047
        Fx. (214) 698-1101

**ATTORNEYS FOR DEFENDANT:
UNION INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on all counsel in accordance with the Federal Rules of Civil Procedure via certified mail, return receipt requested and/or via facsimile on the 30th day of September, 2015:

*Via facsimile 409.838.8888*
David P. Wilson
Provost Umphrey Law Firm LLP
480 Park Street, Suite 100
Beaumont, Texas 77701

*Via facsimile 281.940.2137*
Chad T. Wilson
Kimberly N. Blum
Chad T Wilson Law Firm PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058

*Via facsimile 210.226.8395*
Brett Schouest
Larissa Fields
Rachel Skinner
DYKEMA GOSSETT PLLC
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205

*Via facsimile 888.792.5142*
Matthew E. Ritchie
Matthew E. Ritchie Attorney
2449 South Willis, Suite 200
Abilene, TX 79605

Lakeisha Forté Wells