1

CAUSE NO. 2015-517,181

| | | |
|---|---|---|
| CHRIS WILSON d/b/a MR. WILSON PLUMBING | § § § | IN THE DISTRICT COURT |
| v. | § § § | LUBBOCK COUNTY, TEXAS |
| UNION INSURANCE COMPANY, SUSAN COOPER, EAGLE ADJUSTING SERVICES, INC., AND CAM FANNIN INSURANCE AGENCY, INC., | § § § § | 237TH DISTRICT COURT |

## INDEX OF STATE COURT PLEADINGS

| EX. NO. | DOCUMENT FILED | FILING PARTY | DATE FILED |
|---|---|---|---|
| A. | Plaintiff's Original Petition | Plaintiff | 08/25/15 |
| B | Citation | 237th District Court | 09/01/15 |
| C | Original Answer | Defendant Cam Fannin Insurance Agency, Inc. | 09/03/15 |
| D | Original Answer and Special Exceptions | Defendant Eagle Adjusting Services Inc. | 09/18/15 |
| E | Answer to Plaintiff's Original Petition | Defendant | 09/21/15 |

# EXHIBIT A

8/25/2015 3:01:14 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas
**WA**

NO. **2015-517,181**

| | | |
|---|---|---|
| CHRIS WILSON | § | IN THE DISTRICT COURT OF |
| d/b/a MR. WILSON PLUMBING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| UNION INSURANCE COMPANY, | § | LUBBOCK COUNTY, TEXAS |
| SUSAN COOPER, | § | |
| EAGLE ADJUSTING SERVICES, INC., | § | |
| AND CAM FANNIN INSURANCE | § | |
| AGENCY, INC., | § | |
| | § | |
| Defendants. | § | **237TH** DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Chris Wilson d/b/a Mr. Wilson Plumbing ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Union Insurance Company ("Union"), Susan Cooper ("Cooper"), Eagle Adjusting Services, Inc. ("Eagle"), and Cam Fannin Insurance Agency, Inc. ("Cam Fannin") (or collectively "Defendants"), and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Chris Wilson d/b/a Mr. Wilson Plumbing, resides in Lubbock County, Texas, and owns the property located at 117 82nd Street, Lubbock, Texas, 79404.

# SCANNED

3.  Defendant Union Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon Union Insurance Company through its registered agent: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**.  Plaintiff requests service at this time.

4.  Defendant Cooper is an Adjuster in the course and working scope of employment with Union Insurance Company.  Cooper may be served with process at the following address: **815 Wheatfields Road, Globe, Arizona 85501**.  Plaintiff requests service at this time.

5.  Defendant Eagle is a third party adjusting company in the course and working scope of employment with Union Insurance Company.  Eagle may be served with process at the following address: **14701 Cumberland Road #300, Noblesville, Indiana 46060-4374**.  Plaintiff requests service at this time.

6.  Cam Fannin Insurance Agency, Inc. is a general lines insurance agency that sells property, casualty, life, accident, and HMO insurance to consumers in the State of Texas.  Cam Fannin may be served with process, care of Stephen G. Fannin, at the following address: **1810 50th Street, Lubbock, Texas 79412-2704**.

### JURISDICTION

7.  The Court has jurisdiction over Union because Union engages in the business of insurance in the State of Texas, and the causes of action arise out of Union's business activities in the State of Texas, with reference to this specific case.

8.  The Court has jurisdiction over Cooper because Cooper engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of her business activities in the State of Texas, with reference to this specific case.

2

9.     The Court has jurisdiction over Eagle because Eagle engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, with reference to this specific case.

10.    The Court has jurisdiction over Cam Fannin because Cam Fannin engages in the business of selling insurance policies in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, with reference to this specific case.

<b>VENUE</b>

11.    Venue is proper in Lubbock County, Texas, because the insured property is located in Lubbock County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Lubbock County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

<b>FACTS</b>

12.    Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

13.    Plaintiff owns a Union property insurance policy, number CNA 4534974 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 117 82nd Street, Lubbock, Texas, 79404 ("the Property").

14.    Union or its agent, Cam Fannin Insurance Agency, Inc., sold the Policy, insuring the Property, to Plaintiff.  Union and/or Cam Fannin represented to Plaintiff that the Policy included hail and windstorm damage coverage for Plaintiff's Property.

15.    When Plaintiff negotiated his premium amount, Cam Fannin represented that the Policy Plaintiff purchased provided full coverage for hail and wind losses. Union later represented that the full coverage Policy sold by Cam Fannin did not afford the appropriate protection.

3

Specifically, the Policy sold by Cam Fannin was not a full coverage Policy, but rather, one with specific exclusions.

16. Ultimately, based on wrongfully applied provisions in the Policy, Union has refused substantive coverage which includes, but is not limited to, replacement of the roof in a manner that complies with Lubbock County building codes, as well as storm-damaged portions of the interior.

17. On or about August 28, 2014, the Property sustained extensive damage resulting from a severe storm that passed through the Lubbock, Texas, area.

18. As a result of the storm, the Property sustained damage to the metal roof, flashing, metal siding on the front, left, right, and rear elevations.

19. All damaged interior rooms require new insulation and replacement of light and electrical fixtures.

20. More specifically, the hail and windstorm compromised the integrity of the roof, allowing water to aggressively penetrate the interior. This is evidenced by numerous pockets of water that have formed along the foam insulation boards of the ceiling, and by the entry of water along the walls of the interior, including the front room, left center room, and the right and left rooms at the rear.

21. In the aftermath of the wind and hailstorm occurring on or around August 28, 2014, Plaintiff submitted a claim to Union against the Policy for covered damage to the Property. Union assigned claim number 10095013 to Plaintiff's claim.

22. Plaintiff asked Union to cover damage to the Property pursuant to the Policy.

23. Union hired or assigned Eagle and Cooper to adjust the claim.

4

24.     After inspecting the Property, Cooper generated an estimate of damages in the amount of
        $145.51 for repairs to replace damaged roofing components.

25.     Cooper then applied a 92% depreciation rate to Plaintiff's recovery, leaving Plaintiff with
        $11.52 to replace all damaged roofing components.

26.     After, Cooper authorized a roofing labor minimum charge in the amount of $287.84, for a
        total recovery of $298.84.

27.     Upon application of Plaintiff's deductible, Plaintiff was left with $0.00 to complete any
        repairs.

28.     Plaintiff currently estimates that actual damages to the Property under the Policy are
        $155,845.91.

29.     In correspondence dated October 13, 2014, Union explained to Plaintiff that payment was
        for "fiberglass skylights [that] sustained hail damage that requires replacement . . . we are
        now closing our file without further action."

30.     In Defendants' investigation of Plaintiff's claim, Defendants failed to address any of the
        damage to the Property's metal roof.

31.     In correspondence to Plaintiff's counsel dated April 6, 2015, Union referenced the
        "Cosmetic Damage to Roof Coverings Caused by Hail" from the Exclusions and
        Limitations Section of Plaintiff's Policy, which reads:

                    We do not pay for "cosmetic loss or damage" to the "roof covering of any
                    building scheduled above if such damage is caused by peril of hail.

                    We do cover hail damage to that portion of the "roof covering" that will
                    allow the penetration of water or results in the failure of the "roof covering"
                    to perform its intended function to keep out the elements over an extended
                    period of time.

5

32.  However, Defendants never explained to Plaintiff how this exclusion specifically applied to Plaintiff's claim, or limited coverage, particularly in light of the fact that Plaintiff's roof has failed to keep out the elements, and has resulted in severe interior water damage.

33.  As detailed herein, Defendants failed to assess damages to Plaintiff's Property in a reasonable manner, even though the Policy provided coverage for wind and hail losses such as those suffered by Plaintiff.

34.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  Defendants failed to attempt to settle Plaintiff's claim in a fair manner, although Defendants were aware of Union's liability to Plaintiff under the Policy.  Specifically, Defendants failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interest of Plaintiff by failing to timely pay coverage due under the Policy.  Defendants also failed to show that the policy exclusion referenced as "Cosmetic Damage to Roof Coverings Caused by Hail," relied upon for denial of payment for Plaintiff's roof is clear, conspicuous, and applicable.

35.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiff a reasonable explanation for partial denial of the claim, and for not making full payment under the terms of the Policy.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming for the entire loss covered under the Policy, nor did they provide any explanation for failing to settle Plaintiff's claim properly.  However, Union did state that they would not be taking further action on Plaintiff's claim.

6

36.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement
       Practices. TEX. INS. CODE §541.060(a)(4).  Union refused to provide any coverage due
       to Plaintiff under the terms of the Policy.  Specifically, Union, through its agents, servants,
       and representatives, failed to assess damages properly, and performed an outcome-oriented
       investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable
       evaluation of losses on the Property.

37.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment
       of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny
       Plaintiff's entire claim within the statutorily mandated time after receiving all necessary
       information.

38.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment
       of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under
       the Texas Insurance Code regarding timely payment of the claim.  Specifically, Union has
       delayed full payment of Plaintiff's claim longer than allowed.

39.    Defendants made the false misrepresentations described herein and others to Plaintiff,
       either knowingly or recklessly, as a positive assertion, without knowledge of the truth.
       Plaintiff relied on Defendants' misrepresentations, including but not limited to those
       regarding coverage, the cause of, scope of, and cost to repair damage to the Property.
       Plaintiff's damages are a result of his reliance on misrepresentations regarding coverage,
       the cause of, scope of, and cost to repair damage to the Property.

40.    Defendants' misrepresentations, unreasonable delays, and continued denials constitute a
       breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance

7

Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Union and Plaintiff.

41.     Union failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Union refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy have been carried out by Plaintiff.

42.     As described herein, Union, through its agents or representatives, engaged in egregiously poor claims handling practices, and used language in the Policy to wrongfully deny the claim.

43.     Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firms representing him with respect to these causes of action.

**CAUSES OF ACTION AGAINST UNION INSURANCE COMPANY**

**BREACH OF CONTRACT**

44. .    Union is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Union and Plaintiff.

45.     Union's failure and/or refusal to pay adequate compensation as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of Union's insurance contract with Plaintiff.

8

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

46.     Union's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

47.     Union's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

48.     Union's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

49.     Union's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

50.     Union's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

9

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

51.     Union's conduct constitutes multiple violations of the Texas Insurance Code, Prompt

        Payment of Claims. All violations made under this article are actionable by

        TEX. INS. CODE §542.060.

52.     Union's failure to request from Plaintiff all items, statements, and forms Union reasonably

        believed would be required within the applicable time constraints constitutes a non-prompt

        payment and a violation of TEX. INS. CODE §542.055.

53.     Union's failure to notify Plaintiff in writing with a reasonable explanation for denying the

        claim constitutes a violation of this subsection. TEX. INS. CODE §542.056.

54.     Union's delay in rendering full payment of Plaintiff's claim following receipt of all items,

        statements, and forms reasonably requested and required, for longer than the amount of

        time provided, constitutes a non-prompt payment. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

55.     Union's conduct constitutes a breach of the common law duty of good faith and fair dealing

        owed to an insured in insurance contracts.

56.     Union's failure to adequately and reasonably investigate and evaluate Plaintiff's claim,

        although, at that time, Union knew or should have known by the exercise of reasonable

        diligence that liability was reasonably clear, constitutes a breach of the duty of good faith

        and fair dealing.

### DTPA VIOLATIONS

57.     Union's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act

        ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and

10

services provided by Union pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Union. Specifically, Union's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, Union has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Union's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff' claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's Property when liability has become reasonably clear. This gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Union represented to Plaintiff that the Policy and its adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    As described herein, Union represented to Plaintiff that the Policy and its adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    As described above, Union advertised the Policy and its adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA. Specifically, Union wrongfully denied the claim under a "collapse," when the claim should have been covered under wind peril.

E.    Union breached an express warranty that damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

11

F.  Union's actions are unconscionable in that Union took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Union's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.  Union's conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

58.  Each of Union's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by Union, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

<strong>FRAUD</strong>

59.  Union is liable to Plaintiff for common law fraud.

60.  Each and every representation described above concerned material facts that absent such representations, Plaintiff would not have acted as he did, and Union knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

61.  Union made these statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT SUSAN COOPER

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

62. Cooper's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

63. Cooper is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Union, because Cooper is a "person," as defined by TEX. INS. CODE §541.002(2).

64. Cooper knowingly denied damage to the Property under an invalid policy exclusion. As such, Cooper failed to adopt and implement reasonable standards for the prompt and reasonable investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

65. Furthermore, Cooper did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

66. Cooper's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

67. Cooper's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Union's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

13

## DTPA VIOLATIONS

68.    Cooper's conduct constitutes multiple violations of the Texas Deceptive Trade Practices

Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods

and services provided by Cooper pursuant to the DTPA.  Plaintiff has met all conditions

precedent to bringing this cause of action against Cooper.  Specifically, Cooper's violations

of the DTPA include, without limitation, the following matters:

A.    By her acts, omissions, failures, and conduct, Cooper has violated sections

17.46(b)(2), (5), and (7) of the DTPA.    Cooper's violations include, (1)

unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's

claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for

the proper repair of Plaintiff's property when Union's liability has become

reasonably clear, which gives Plaintiff the right to recover under section

17.46(b)(2).

B.    Cooper represented to Plaintiff that her adjusting and investigative services had

characteristics or benefits they did not possess, which gives Plaintiff the right to

recover under section 17.46(b)(5) of the DTPA.

C.    Cooper represented to Plaintiff that her adjusting services were of a particular

standard, quality, or grade when they were of another, in violation of section

17.46(b)(7) of the DTPA.

F.    Cooper's actions are unconscionable in that Cooper took advantage of Plaintiff's

lack of knowledge, ability, and experience to a grossly unfair degree.  Cooper's

14

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.      Cooper's conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

69.     Each of Cooper's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.    All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by Cooper, as defined by the Texas Deceptive Trade Practices Act.   TEX. BUS. & COM. CODE 17.45.

### FRAUD

70.     Cooper is liable to Plaintiff for common law fraud.

71.     Each and every representation described above concerned material facts that absent such representations, Plaintiff would not have acted as he did, and Cooper knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

72.     Cooper made these statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT EAGLE ADJUSTING SERVICES, INC.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

73.     Eagle's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

15

74.  Eagle, through its agent, Cooper, knowingly denied damage to the Property under an invalid policy exclusion.  As such, Eagle failed to adopt and implement reasonable standards for the prompt and reasonable investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

75.  Furthermore, Eagle did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

76.  Eagle's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

77.  Eagle's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Union's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

### DTPA VIOLATIONS

78.  Eagle's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Eagle pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Eagle.  Specifically, Eagle's violations of the DTPA include, without limitation, the following matters:

A.  By its acts, omissions, failures, and conduct, Eagle has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Eagle's violations include, (1) unreasonable

16

delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when Union's liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Eagle represented to Plaintiff that its adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Eagle represented to Plaintiff that its adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

F.   Eagle's actions are unconscionable in that Eagle took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Eagle's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Eagle's conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

79.   Each of Eagle's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by Cooper, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

17

## FRAUD

80.    Eagle is liable to Plaintiff for common law fraud.

81.    Each and every representation described above concerned material facts that absent such
       representations, Plaintiff would not have acted as he did, and Eagle knew the
       representations were false or made recklessly without any knowledge of their truth as a
       positive assertion.

82.    Eagle made these statements intending that Plaintiff act upon them.  Plaintiff then acted in
       reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common
       law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT
## CAM FANNIN INSURANCE AGENCY, INC.

### DTPA VIOLATIONS

83.    Cam Fannin's conduct constitutes multiple violations of the Texas Deceptive Trade
       Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.46.  Specifically, its violations
       of the DTPA include, without limitation, the following matters:

       A.    By its acts, omissions, failures, and conduct, Cam Fannin violated sections
             17.46(b)(2) and 17.46(b)(5) of the DTPA. Cam Fannin's violations include causing
             confusion as to the Policy benefits, and representing that the Policy had benefits or
             characteristics that it did not possess.

       B.    Cam Fannin breached an express warranty during the sale of the Policy that the
             damages caused by wind and hail would be covered under the Policy, when they
             were not.  This breach entitles Plaintiff to recover under sections 17.46(b)(12),
             17.46(b)(20), and 17.50(a)(2) of the DTPA.

18

C.   Cam Fannin's conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

D.   Cam Fannin's actions are unconscionable in that Cam Fannin took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Cam Fannin's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

84.   Each of Cam Fannin's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by Cam Fannin, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## FRAUD

85.   Cam Fannin is liable to Plaintiff for common law fraud.

86.   Each and every representation described above concerned material facts that absent such representations, Plaintiff would not have acted as he did, and Cam Fannin knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

87.   Cam Fannin made these statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.  Specifically, Cam Fannin represented to Plaintiff during the sale of the Policy that the Policy had benefits or characteristics it did not possess.  Plaintiff relied on these statements, and as a result, has suffered damages to his Property.

19

## KNOWLEDGE

88.     Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

89.     Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

90.     The damages caused to the Property have not been properly addressed since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws above.

91.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. Defendants' above described acts, omissions, failures, and conduct have caused Plaintiff's damages, which include, without limitation, the cost to properly repair the Property, and any investigative and engineering fees incurred.

92.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claim, consequential damages, together with attorney's fees.

93.     Plaintiff currently estimates that actual damages to the Property under the Policy are $155,845.91.

94.    For noncompliance with the DTPA and the Texas Insurance Code, Unfair Settlement
       Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed
       pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and
       intentional conduct, Plaintiff asks for three (3) times the actual damages.
       TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

95.    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff
       is entitled to the amount of the claim, plus an eighteen percent (18%) per annum penalty
       on that claim, as damages, as well as pre-judgment interest, and reasonable attorney's fees.
       TEX. INS. CODE §542.060.

96.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to
       compensatory damages, including all forms of loss resulting from Union's breach of duty,
       such as additional costs, economic hardship, losses due to nonpayment of the amount owed,
       exemplary damages, and damages for emotional distress.

97.    Union's breach of the common law duty of good faith and fair dealing was committed
       intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with
       "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies
       Code. These violations are the type of conduct which the State of Texas protects its citizens
       against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery
       of exemplary damages in an amount determined by the finder of fact sufficient to punish
       Union for its wrongful conduct and to deter others from committing similar acts in the
       future.

21

98.    For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly

fraudulent and malicious representations, along with attorney's fees, interest, and court

costs.

99.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the

services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the

Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance

Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the

reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this

action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

100.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states

that the damages sought are in an amount within the jurisdictional limits of this Court.  As

required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states

that Plaintiff seeks only monetary relief of no less than $200,000.00, but no more than

$1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment

interest, and attorney's fees. A jury will ultimately determine the monetary relief actually

awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the

highest legal rate.

### REQUESTS FOR DISCLOSURE

101.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants

disclose, within fifty (50) days from the date this request is served, the information or material

described in Rules 190.2(b)(6) and 194.2.

22

## JURY DEMAND

102.  Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Lubbock County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff, Chris Wilson d/b/a Mr. Wilson Plumbing, prays that Defendants, Union Insurance Company, Susan Cooper, Eagle Adjusting Services, Inc., and Cam Fannin Insurance Company, Inc., be cited and served to appear, and that upon trial hereof, Plaintiff, Chris Wilson d/b/a Mr. Wilson Plumbing, recovers from Defendants such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff, Chris Wilson d/b/a Mr. Wilson Plumbing, may show himself justly entitled to.

Respectfully submitted,

PROVOST UMPHREY LAW FIRM LLP

By: /s/ *David P. Wilson*

David P. Wilson
Bar No. 21672700
DWilson@pulf.com
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
Facsimile: (409) 838-8888

CHAD T WILSON LAW FIRM PLLC

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Kimberly N. Blum
Bar No. 24092148
KBlum@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

24

# EXHIBIT B

## CITATION
## THE STATE OF TEXAS

TO:   **Union Insurance Company by serving its registered agent, CT Corporation System
1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**

Defendant Greetings:

### NOTICE

**You have been sued. You may employ an attorney. If you or your attorney do not file a
written answer with the clerk of the court who issued this citation by 10 o'clock a.m. on the
Monday following the expiration of 20 (twenty) days after you have been served this
citation and Original Petition, Jury Demand, and Request for Disclosure, a default
judgment may be taken against you.**

Said **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure** was filed in the
**237th District Court** of Lubbock County, Texas, on **August 25, 2015**. The file number of said
suit being Cause Number **2015-517,181**, and styled:

**Chris Wilson d/b/a Mr. Wilson Plumbing,**
*Plaintiff*
V.
**Union Insurance Company, Susan Cooper, Eagle Adjusting Services, Inc.,
and Cam Fannin Insurance Agency, Inc.,**
*Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original
Petition, Jury Demand, and Request for Disclosure**, accompanying this citation, and made a
part thereof.

Plaintiff is represented by:
**David P. Wilson, 490 Park Street, Beaumont, TX 77701, (409) 835-6000**

The officer executing this writ shall promptly serve the same according to requirements of law,
and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this
Thursday, August 27, 2015, at 9:03 AM.

Barbara Sucsy, District Clerk
237th District Court
P.O. Box 10536 (79408)
904 Broadway
Lubbock, Texas 79401

By _Daniele Y. Mitchell_____   Deputy
Daniele Y. Mitchell

CT Corporation

**Service of Process Transmittal**
08/31/2015
CT Log Number 527731628

TO:     Aaron Pearce
        Continental Western Insurance Company
        PO Box 1594
        Des Moines, IA 50306-1594

**RECEIVED**

RE:     **Process Served in Texas**

SEP 0 1 2015

FOR:    Union Insurance Company  (Domestic State: NE)

HO LEGAL

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Chris Wilson, etc., Pltf. vs. Union Insurance Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition |
| **COURT/AGENCY:** | 237th Judicial District Court Lubbock County, TX<br>Case # 2015517181 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/31/2015 postmarked on 08/27/2015 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served(Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | David P. Wilson<br>PROVOST UMPHREY LAW FIRM LLP<br>490 Park Street, Suite 100<br>Beaumont, TX 77701<br>409-835-6000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 781251911104 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / CB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT C

Cause No. 2015-517,181

| | | |
|---|---|---|
| CHRIS WILSON d/b/a MR. WILSON PLUMBING, | § | IN THE 237th DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | OF |
| UNION INSURANCE COMPANY, | § | |
| SUSAN COOPER, EAGLE ADJUSTING | § | |
| SERVICES, INC., AND CAM FANNIN | § | |
| INSURANCE AGENCY, INC., | § | |
| Defendants. | § | LUBBOCK COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT CAM FANNIN INSURANCE AGENCY, INC.

TO THE HONORABLE JUDGE OF THIS COURT:

Cam Fannin Insurance Agency, Inc. ("Fannin"), defendant in the above-referenced matter, makes and files this Original Answer, and for such would show as follows:

**1.**
**GENERAL DENIAL**

Subject to any admissions or stipulations that may be made by the parties, Fannin enters a general denial as is expressly authorized by Texas Rule of Civil Procedure 92. Accordingly, Fannin requests that Plaintiff be required to prove his claims by a preponderance of the evidence in accordance with Texas law, if he can do so.

**2.**
**AFFIRMATIVE DEFENSES**

Fannin would show that the incident and/or damages in question are a result of the negligence of Plaintiff in, among other things, failing to attend to his own insurance needs. Accordingly, Fannin requests that the Court resolve this matter pursuant to the proportionate responsibility provisions set out in Chapter 33 of the Texas Civil Practice and Remedies Code.

Any damages that are claimed by Plaintiff are subject to an offset based on the cost of the insurance that Plaintiff claims should have been, but was not, in place.

Any damages claimed by Plaintiff are subject to the terms and conditions of the policy that Plaintiff claims he should have obtained.

Any claims for exemplary, punitive, and/or additional damages are subject to and limited by the due process clauses of the United States constitution and the constitution of the State of Texas.

Any claims for punitive, exemplary, and/or additional damages are subject to and limited by the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code. Accordingly, this matter should be determined pursuant to the provisions of that chapter.

### Prayer for Relief

Fannin requests that Plaintiff take nothing with respect to the claims that have been asserted herein, for its costs of court, and for such other and further relief to which it may be justly entitled.

Respectfully Submitted,

/s Matthew E. Ritchie
Matthew E. Ritchie
State Bar No. 16948030
2449 South Willis, Suite 200
Abilene, Texas 79605
(325) 692-1107
(888) 792-5142 (fax)
matt@mritchielaw.com

ATTORNEY FOR DEFENDANT CAM FANNIN
INSURANCE AGENCY, INC.

## **CERTIFICATE OF SERVICE**

The foregoing document was served on the persons listed below on September 3, 2015 by the Texas E-file system:

David P. Wilson
490 Park Street, Suite 100
Beaumont, Texas 77701

/s Matthew E. Ritchie
Matthew E. Ritchie

# EXHIBIT D

dl

## CAUSE NO. 2015-517,181

| | | |
|---|---|---|
| CHRIS WILSON | § | IN THE DISTRICT COURT OF |
| d/b/a MR. WILSON PLUMBING | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| UNION INSURANCE COMPANY | § | LUBBOCK COUNTY, TEXAS |
| SUSAN COOPER,, | § | |
| EAGLE ADJUSTING SERVICES, INC., | § | |
| AND CAM FANNIN INSURANCE | § | |
| AGENCY, INC | § | |
|     Defendants. | § | 237TH  JUDICIAL DISTRICT |

### EAGLE ADJUSTING SERVICES, INC.'S
### ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

    EAGLE ADJUSTING SERVICES, INC.'S ("Defendant"), files its Original Answer and

Special Exceptions as follows:

### I.

### GENERAL DENIAL

    Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denys the allegations

contained in Plaintiff's Original Petition and demands strict proof by a preponderance of the

evidence of all Plaintiff's allegations.

### II.

### DEFENSES

### Payment

Plaintiff's claims have been fully adjusted and appropriate payment tendered.

1

## Limit of Liability

Plaintiff's damages, if any, must be limited by the amount set forth in the policy limitations provisions of the applicable policy.

## Offset and/or Credit

Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles. Further, any award to Plaintiff must be offset by all prior payments tendered regarding the claims that form the basis of Plaintiff's lawsuit and by all payments and credits otherwise available.

## Due Process

To the extent that Plaintiff prays for exemplary damages, Defendant invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Defendant affirmatively pleads that Plaintiff's pleading of exemplary damages is violative of the due process clauses of the Fifth and Fourteenth Amendments inasmuch as exemplary damages can be assessed:

1.    In an amount left to the discretion of the jury and judge;

2.    In assessing such penalty or exemplary awards, Plaintiff needs only prove the theory of gross negligence on a "clear and convincing evidence" standard and not "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

3.    The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific means requirement and/or the prerequisites of criminal fine and in effect, allows the assessment of such awards even though there are no special standards, limits or other statutory requirements set forth that define the means and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process; and

2

4.     In essence, Defendant is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal, criminal fines, but Defendant receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

## Equal Protection

To the extent Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

## Punitive Damage Limitation

With respect to Plaintiff's claims for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009. Defendant reserves the right to seek a bifurcation of any punitive damage issues at the trial of this case as permitted by Section 41 of Texas Civil Practice & Remedies Code.

## Failure to Mitigate

Plaintiff has failed to mitigate any damages he may have suffered as a result of Defendant's alleged actions.

## Responsibility of Others

Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Defendant is entitled to a credit or appropriate offset for: (a) any damages or losses attributable to the conduct, products, and breaches of third parties; and (b) any amounts paid in settlement by or on behalf of such third parties.

6323904.1

## III.

## SPECIAL EXCEPTIONS

### Plaintiff's Claims for Alleged Violations
### of TEX. INS. CODE § 541.001 et seq.

Defendant specially excepts to paragraphs 12, 34-36, 39-40, 73, and 76-77 of Plaintiff's

Original Petition because Plaintiff's claims regarding Defendant's alleged violations of TEX. INS.

CODE § 541.001 *et seq.* are deficient. Specifically, Plaintiff failed to give Defendant fair notice

of the facts and circumstances supporting the alleged Insurance Code violations in the Petition.

As a result, Plaintiff should be required to file an amended pleading which sets forth facts and

evidence in support of Plaintiff's claims for Defendant's alleged Insurance Code violations, as

well as the alleged damages.

### Plaintiff's Claims for Alleged Violations
### of TEX. INS. CODE § 542.001 et seq.

Defendant specially excepts to paragraphs 12, 37- 39, 40, and 74-75 of Plaintiff's

Original Petition because Plaintiff's claims regarding Defendant's alleged violations of TEX. INS.

CODE § 542.001 *et seq.* are deficient. Specifically, Plaintiff failed to give Defendant fair notice

of the facts and circumstances supporting the alleged Insurance Code violations in the Petition.

As a result, Plaintiff should be required to file an amended pleading which sets forth facts and

evidence in support of Plaintiff's claims for Defendant's alleged Insurance Code violations, as

well as the alleged damages.

### Plaintiff's Claim Under DTPA

Defendant specially excepts to paragraphs 12, 78 and 79 of Plaintiff's Original Petition

because Plaintiff's claims regarding Defendant's alleged violations of TEX. BUS. & COM. CODE

§ 17.46(b) (the "DTPA") are deficient. Specifically, Plaintiff failed to give Defendant fair notice

of the facts and circumstances supporting the alleged DTPA violations in the Original Petition.

4

Further, Plaintiff fails to plead any facts that show Defendant allegedly acted knowingly.  As a result, Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiff's claim for Defendant's alleged DTPA violations, as well as the alleged damages.

### Plaintiff's Claims for Fraud

Defendant specially excepts to paragraphs 12, 80, 81 and 82 of Plaintiff's Original Petition wherein Plaintiff vaguely alleges that Defendant committed fraud.  Plaintiff failed to provide fair notice of the alleged acts and/or omissions by Defendant that form the basis of Plaintiff's fraud claims or facts supporting Plaintiff's alleged damages caused by or resulting from any act or omission by Defendant.

### Prayer

Defendant, EAGLE ADJUSTING SERVICES, INC., respectfully prays that the Court will sustain each and all of the foregoing Special Exceptions, that Plaintiff take nothing by reason of his suit herein, and that Defendant recovers its costs incurred herein.

5

6323904.1

Respectfully submitted,

Dykema Cox Smith
112 East Pecan, Suite 1800
San Antonio, Texas  78205
210.554.5500
210.226.8395 (Fax)


By: _/s/ Brett Schouest_____
       Brett W. Schouest
       State Bar No. 17807700
       bschouest@dykema.com
       Larissa S. Fields
       State Bar No. 24060551
       lfields@dykema.com
       Rachel Skinner
       State Bar No. 24085588
       rskinner@dykema.com

_Attorneys for Defendant, Eagle Adjusting Services, Inc._

6

## CERTIFICATE OF SERVICE

I certify that pursuant to the Texas Rules of Civil Procedure, a true and correct copy of the foregoing document was sent by email to the following counsel of record on the 18th day of September 2015:

> Provost Umphrey Law Firm, LLP
> David P. Wilson
> DWison@pulf.com
> 490 Park Street, Suite 100
> Beaumont, Texas 77701
>
> Chad T Wilson Law Firm PLLC
> Chad T. Wilson
> CWilson@cwilsonlaw.com
> Kimberly N. Blum
> KBlum@cwilsonlaw.com
>
> *Attorney for Plaintiff, Chris Wilson,*
> *d/b/a Mr. Wilson Plumbing*
>
>
> Matthew E. Ritchie
> matt@mritchielaw.com
> 2449 South Willis, Suite 200
> Abilene, Texas 79605
> *Attorney for Defendant, Cam Fannin*
> *Insurance Agency*

> */s/ Rachel Skinner*
> Rachel R. Skinner

7

# EXHIBIT E

Filed 9/21/2015 9:54:29 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas

NO. 2015-517,181

KAP

| | | |
|---|---|---|
| CHRIS WILSON d/b/a MR. WILSON PLUMBING, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | LUBBOCK COUNTY, TEXAS |
| | § | |
| UNION INSURANCE COMPANY, SUSAN | § | |
| COOPER, EAGLE ADJUSTING SERVICES, | § | |
| INC. AND CAM FANNIN INSURANCE | § | |
| AGENCY, INC., | § | |
| | § | |
| **Defendants.** | § | 237TH JUDICIAL DISTRICT |

## DEFENDANT UNION INSURANCE COMPANY'S
## ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Union Insurance Company (hereinafter "Defendant") and files its Original Answer to Plaintiff's Original Petition in the above-referenced matter, and in support thereof would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every allegation and cause of action in Plaintiff's Original Petition and any subsequent petitions filed hereafter. Defendant further reserves the right to plead further and in greater particularity as the case progresses should it need to do so.

### II.
### AFFIRMATIVE DEFENSES

2. Plaintiff's First Amended Original Petition fails to state a claim against Defendant upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate,

minimize, or avoid the damages he sustained, and Plaintiff's recovery, if any, must be reduced accordingly.

    4.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery he now seeks under Policy No. CNA 4534974 – 13 ("Policy").

    5.      Plaintiff's claims are limited, in whole or in part, by the Policy's Valuation Loss Condition, which limits Defendant's liability under the Policy to actual cash value as of the time of loss or damage unless the Limit of Insurance for Building satisfies the Additional Condition, Coinsurance, and the cost to repair or replace the damaged building property is $2500 or less.

    6.      Plaintiff's claim for damage to the roof is limited, in whole or in part, by the Policy's Cosmetic Damage to Roof Coverings Caused by Hail Exclusion, which excludes "cosmetic loss or damage" to the "roof covering" of any building scheduled if such damage is caused by the peril of hail.

    7.      Plaintiff's claims are limited, in whole or in part, by the Policy's exclusion for neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

    8.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, and unclean hands.

    9.      Defendant reserves the right to amend and or supplement its affirmative defenses.

### III.
### PRAYER

WHEREFORE, Defendant Union Insurance Company prays that Plaintiff take nothing by reason of its allegations being made against Defendant; that the Court find that Plaintiff take nothing by his claims and causes of action against the Defendant; and that Defendant be granted such other relief, whether general or special, at law or in equity, to which it may show itself justly

entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**


By: /s/Michael Beckelman

Michael Beckelman
State Bar No. 24042401
michael.beckelman@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
Ph. (713) 353-2000
Fx. (713) 785-7780

Lakeisha Forté Wells
State Bar No. 24042237
lakeisha.fortewells@wilsonelser.com
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202
Ph. (214) 698-8047
Fx. (214) 698-1101


**ATTORNEY FOR DEFENDANT:
UNION INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure via facsimile and/or certified mail, return receipt requested on this 21st day of September, 2015:

*Via facsimile 409.838.8888*
David P. Wilson
Provost Umphrey Law Firm LLP
480 Park Street, Suite 100
Beaumont, Texas 77701


*Via facsimile 281.940.2137*
Chad T. Wilson
Kimberly N. Blum
Chad T Wilson Law Firm PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058


                                    */s/ LaKeisha Forte Wells*
                                    Lakeisha Forté Wells