IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 DEC 14 AM 10: 37

DEPUTY CLERK _____

| | |
|---|---|
| CHRIS WILSON d/b/a MR. WILSON PLUMBING, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNION INSURANCE COMPANY, et al., | ) ) |
| Defendants. | ) Civil Action No. 5:15-CV-201-C |

## ORDER

On this date, the Court considered:

(1) Plaintiff's Motion to Abstain and Remand, filed October 30, 2015;

(2) Defendant Union Insurance Company's ("Union") Response, filed November 20, 2015;

(3) Defendant Union's Notice of Removal, filed September 30, 2015; and

(4) Defendant Union's Supplemental Index of State Court Pleadings, filed October 9, 2015.

## I. BACKGROUND

Plaintiff filed the instant suit in the 237th Judicial District Court of Lubbock County, Texas, against Defendants, Union Insurance Company; Susan Cooper ("Cooper"); Eagle Adjusting Services, Inc.; and Cam Fannin Insurance Agency, Inc. ("Cam Fannin"). This is a lawsuit over a dispute relating to whether coverage exists on a claim for hail damage to Plaintiff's property and the amount of payment for such damage. Plaintiff and Cam Fannin are both citizens of Texas. There is no dispute currently before the Court as to whether diversity exists between Plaintiff and

all other Defendants; nor is the jurisdictional amount in controversy in dispute. Plaintiff maintains that removal is improper because Plaintiff and Cam Fannin are citizens of Texas and therefore complete diversity of citizenship is lacking. Union disagrees and contends that remand is not warranted because Cam Fannin was improperly joined. Union's argument is that the claims against Cam Fannin and all other Defendants are so unrelated as to prevent proper joinder of the claims in one lawsuit. Union asserts that the claims against it and the other diverse defendants are premised upon a failure to pay the claim, whereas the claims against Cam Fannin relate to misrepresentations that said claim would be covered under the policy at issue.

### A. The Claims

Plaintiff alleges that when the policy of insurance was purchased, Cam Fannin misrepresented the terms of the policy. Based upon this theory of recovery, Plaintiff brings claims for fraud and violations of the Texas Deceptive Trade Practices Act ("DTPA") against Cam Fannin relating to the alleged misrepresentations regarding coverage for hail damage. Plaintiff has also alleged claims against all other named defendants for fraud, violations of the DTPA, and violations of the Texas Insurance Code. Plaintiff brings a claim for breach of contract solely against Union.

### B. The Facts

Plaintiff alleges that his property was damaged in a hail and/or wind storm that occurred on August 28, 2014. As a result of the storm, Plaintiff alleges, his property sustained extensive damage to the metal roof, flashing, and metal siding. He also alleges that water damage to the interior of the structure occurred due to the hail and windstorm that compromised the integrity of the roof. Plaintiff submitted a claim to Union, who hired or assigned Defendants Eagle Adjusting Services and Cooper to adjust the claims. After inspecting the property, Cooper generated an

estimate of damages in the amount of $145.51 for repairs and then applied a 92 percent depreciation rate, leaving Plaintiff with $11.52 to make repairs. Cooper also authorized a roofing labor minimum charge in the amount of $287.84. However, upon application of the deductible, Plaintiff received $0.00 to complete any repairs. Plaintiff estimates the actual damages to be $155,845.91.

Plaintiff alleges that Defendant Union informed him by letter dated April 6, 2015, that "cosmetic damage" is not covered under the "Cosmetic Damage to Roof Coverings Caused by Hail" exclusion. However, Plaintiff also alleges that Cam Fannin made an express representation to him when the policy was purchased and issued (prior to subsequent renewals) that the damages caused by wind and hail would be covered under the policy at issue. That is, Plaintiff is alleging that Cam Fannin misrepresented the specific coverage at issue in this lawsuit for the alleged damages—damages that Defendant Union now denies are covered under the Policy.

## II. STANDARD

There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). As such, the party removing a case to federal court has the burden to show that jurisdiction exists. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988). "As 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . .' The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)).

3

## III. DISCUSSION

### A. Legal Framework for Allegations of Improper Joinder[1]

Pursuant to 28 U.S.C. § 1441(a), any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Moreover, when original federal jurisdiction would be based on diversity, a defendant may remove a state court civil action only "if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood*, 385 F.3d at 572.

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573. The latter is alleged here. Defendants claiming improper joinder based on the second type bear a heavy burden of showing that there is no possibility of recovery by the plaintiff against the in-state defendant; i.e., there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant. *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("[W]hether

---

[1]The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder" because it is more consistent with the statutory language in 28 U.S.C. §§ 1441 and 1332. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 & 572-73 (5th Cir. 2004) (en banc).

the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery.")

To determine whether a plaintiff has a reasonable basis for recovery under state law, the court may "conduct a Rule 12(b)(6)-type analysis." *Smallwood*, 385 F.3d at 573; *see Anderson v. Georgia Gulf Lake Charles, LLC*, 342 F. App'x 911, 915 (5th Cir. 2009). The court should look to the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. Although improper-joinder claims may be resolved by "piercing the pleadings" and conducting a summary judgment-type inquiry, the Fifth Circuit has cautioned that such an approach is only appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. Because the presence of such discrete and undisputed facts is not at issue in this case, the Court will conduct a Rule 12(b)(6)-type analysis to determine whether Plaintiff's petition states a viable claim against Cam Fannin.

## B. Allegations Against Cam Fannin

Plaintiff's petition clearly alleges that Cam Fannin misrepresented one or more specific policy terms. The law is clear that insurance adjusters and agents can be held personally liable under the Texas Insurance Code for particular affirmative misrepresentations about an insurance policy. *Griggs*, 181 F.3d at 701 (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998)). Here, Plaintiff is alleging that Cam Fannin misrepresented the terms of the insurance policy at issue and that the affirmative misrepresentations as to coverage are in direct opposition to the basis on which the other Defendants have denied coverage under the policy. As such, the Court finds that Plaintiff's claims against all of the Defendants are sufficiently related so

as to be properly joined in one lawsuit. Thus, under the standard discussed above, Plaintiff has not improperly joined Defendant Cam Fannin. *Smallwood*, 385 F.3d at 576.

For the reasons stated above, as well as those argued by Plaintiff in his Motion to Remand, the Court is of the opinion that Defendant Cam Fannin has not been improperly joined and its citizenship should not be disregarded in determining the Court's subject matter jurisdiction. *Smallwood*, 385 F.3d at 572. Accordingly, because diversity of citizenship does not exist between Plaintiff and Defendant Cam Fannin, this Court lacks subject matter jurisdiction over the case at bar. Plaintiff's Motion to Remand is **GRANTED**.

## C. Attorney's Fees

Although Plaintiff made a request in passing for an award of attorney's fees, Plaintiff provided no argument, affidavit, or billing records to support his request. Moreover, the Court finds that this is not a circumstance where the removing party lacked a reasonable basis for seeking removal. Accordingly, the Court declines to award attorney's fees to Plaintiff.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand is **GRANTED**, except as to Plaintiff's request for attorney's fees, which is **DENIED**. This case is **REMANDED** to the 237th Judicial District Court of Lubbock County, Texas. The Clerk of this Court shall mail a certified copy of this order to the District Clerk of Lubbock County, Texas.

SO ORDERED this 14th day of December, 2015.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE